IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANNIE J. WHITE | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:08-cv-731-MEF |
| | ) | |
| OSHA SECURITY, INC., | ) | |
| *et al.*, | ) | (WO) |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc. # 5) filed on September 29, 2008 by Annie J. White ("Plaintiff"). On July 30, 2008, Plaintiff filed a lawsuit in the Circuit Court for Montgomery County, Alabama against defendants Osha Security Inc. and Obra Hogan (collectively "Defendants"). Plaintiff's complaint contained eleven counts, including nine state causes of action. Plaintiff also alleged disparate treatment, hostile environment, employment discrimination, and retaliation in violation of 42 U.S.C. § 2000e, *et seq* ("Title VII") in two separate counts. On September 5, 2008, Defendants removed the action to this Court by invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and §1441. On September 29, 2008, Plaintiff filed her Motion to Remand (Doc. #5). The Court has carefully considered the applicable law and the arguments in support of and in opposition to the motion to remand. The Court finds that the motion is due to be GRANTED because Defendants' removal was untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Introduction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir. 1983)*, cert. denied,* 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. When a case is removed from state court, the burden is on the party who removed the action to prove federal-court jurisdiction. *Id.*

### i. Diversity Jurisdiction

Two kinds of cases are removable to federal court. In the first instance, a federal district court may exercise subject matter jurisdiction in suits where only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C.

§ 1332(a).  The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently in excess of $75,000, is met.  *Id.*

### ii. Federal Question Jurisdiction

A civil action filed in a state court may also be removed to federal court if the claim is one "arising under" federal law.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  In order to determine whether a complaint "arises under" federal law, a court must examine the "well pleaded" allegations of the complaint and ignore potential defenses.  *Id.*  A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of her own cause of action shows that it is based upon federal law or the Constitution.  *Id.*  As a general rule, a case is removable if the complaint affirmatively alleges a federal claim.  *Id.*; *See also Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368 (11th Cir. 1998) (stating that a case "arises under" federal law, as required for federal question jurisdiction, if federal law creates the cause of action).

### B. Timeliness

Federal law limits the period in which a defendant may exercise his removal right from state to federal court.

> The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

3

28 U.S.C. § 1446(b) (emphasis added).  Given that removal statutes must be construed narrowly, § 1446's time requirement is mandatory and must be strictly applied; "[t]imely objection to a late petition for removal will therefore result in remand."  *Webster v. Dow United Techs. Composite Prods., Inc.,* 925 F. Supp. 727, 729 (M.D. Ala. 1996) (citations omitted) (remanding case removed more than thirty days after complaint filed and more than thirty days after plaintiff written responses to discovery revealed basis for federal jurisdiction).  *Accord, Clingan v. Celtic Life Ins. Co.,* 244 F. Supp. 2d 1298, 1302-03 (M.D. Ala. 2003) (granting motion to remand because defendant failed to remove case within thirty days of receipt of complaint from which it could have ascertained case was removable).  Thus, the relevant inquiry is when the removing defendant could have first "intelligently ascertained" that the case was removable.  *See, e.g., Clingan,* 244 F. Supp. 2d at 1302; *Webster,* 925 F. Supp. at 729.

**C. Present Action**

In seeking remand, Plaintiff contends that Defendants did not timely remove this case to federal court.  Defendants argue that the jurisdictional amount was not readily discernable on the face of the complaint and that it removed the case within thirty days of first becoming aware that the requisite amount in controversy was met for diversity jurisdiction.  Defendants ignore that federal question jurisdiction existed on the face of the complaint.  As the party bearing the burden of proving federal jurisdiction, Defendants have the task of proving to the Court that the removal was timely.  *See, e.g.,*

*Clingan,* 244 F. Supp. 2d at 1302.  The Court concludes that the Defendants did not timely remove the present action.

The notice of removal of a civil action must be filed within thirty days after the defendant receives a copy of the initial pleading setting forth the claim for relief upon which such action is based.  *See* 28 U.S.C. § 1446(b).  Defendants were served with Plaintiff's complaint on July 10, 2008.  Plaintiff complaint contained two counts of Title VII claims, which each state a basis for federal question jurisdiction.  As previously explained, 28 U.S.C. § 1441(b) provides removal jurisdiction for "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States."  Here, Plaintiff affirmatively alleged several federal claims under Title VII.  Accordingly, Defendants had a clear basis to remove this action upon service of the complaint.  Even if this Court accepted Defendants' argument that the initial pleading in this case was not one from which the Defendants could have intelligently ascertained that the jurisdictional amount was met, the case was still removable under federal question jurisdiction.  Therefore, when Defendant removed the action on September 5, 2008, it did so outside the thirty days prescribed by 28 U.S.C. § 1446.

**D. Conclusion**

Mindful of the clear Eleventh Circuit precedent mandating remand of removed cases where compliance with the procedural requirements for removal is not absolutely

clear, the Court finds that the removal of this case from the Circuit Court of Montgomery County, Alabama was not timely for the reasons explained in this Memorandum Opinion and Order.  Accordingly, the case must be remanded.

## CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, it is hereby ORDERED as follows:

(1)     Plaintiff's Motion to Remand (Doc. # 5) is GRANTED.

(2)     This case is REMANDED to the Circuit Court of Montgomery County, Alabama.

(3)     The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4)     Any other pending motions are left for resolution by the Circuit Court of Montgomery County, Alabama.

DONE this the 19th day of June 2009.

                          /s/ Mark E. Fuller
                    CHIEF UNITED STATES DISTRICT JUDGE